## In re MURRAY.

No. 26851.   Oct. 27, 1936.

C. L. Armstrong, H. R. Helmbrecht, and W. E. Rice, for J. F. Murray.

Frank G. Anderson and A. M. Widdows, for the State Bar of Oklahoma.

GIBSON, J.   This matter comes here on the petition of J. F. Murray, attorney at law, and a member of the State Bar of Oklahoma, hereinafter referred to as respondent, to review the findings and recommendations of the Board of Governors of the State Bar to the effect that the respondent be reprimanded for violation of Rule 31 of the rules of professional conduct.

The complaint arose out of the writing by respondent of certain letters to barbers of the state soliciting contributions toward the payment of his fee in connection with a case testing the validity of a law affecting barbers.

The material parts of the findings and recommendation of the Board of Governors follow:

"It appears from the answer and from the record that the respondent was employed by one Roy Peters, assuming to act as president of the Oklahoma Barbers Association, to test the validity of the law creating the Board of Barber Examiners of the State of Oklahoma, but that before any civil action had been filed a criminal complaint was lodged against Roy Peters alleging the violation of the act: that Roy Peters was convicted, upon which conviction and a fine of one dollar was assessed against him, from which judgment of conviction an appeal was taken. In this proceeding the respondent acted as attorney for Roy Peters. The barbers of the state, not appearing disposed to contribute funds to pay the respondent's fees, Roy Peters suggested to him that the appeal be abandoned. This respondent declined to do because he had received payment of a sum of money from the barbers of Oklahoma City and Tulsa. With the knowledge and consent of Roy Peters, the respondent wrote the letter to the Miami Barber Shop.

"The apparent purpose of the letter was to solicit the payment of additional fees to the respondent with the suggestion that if he barbers of the state 'did not respond to this proposition I am of course not disposed to proceed with the case.' The administrative committee concluded that Rule 29 of the rules of professional conduct interdicting the solicitation of business had not been violated and that neither had Rule 40 of the rules of professional conduct. That rule requires that a lawyer shall accept no compensation, commission, rebates, or other advantages from others without the knowledge and consent of his client after full disclosure. The Administrative Committee in its report stated: 'Your committee does not approve of the writing of said letter and regards it as being unfortunate that it was written.'

"The letter, on its face, stated that if the

barbers did not respond in the matter of the payment of fees the respondent was not disposed to proceed in the defense of his client, Roy Peters.

"Rule 31 of the rules of professional conduct provides that lawyers should strive at all times to uphold the honor and maintain the dignity of the profession. The writing of this letter with the veiled threat contained therein—i.e., to abandon his client's case if more fees were not forthcoming from others than his client—unexplained, certainly was not conducive to the upholding and maintenance of the honor and dignity of the profession.

"The Board of Governors recommends that the respondent be reprimanded in the premises, such reprimand to be substantially as follows: You are hereby reprimanded on account of your action in the premises and admonished not to repeat a like course of action in the future.

"Concurring

"Ben F. Williams,
"Edgar A. de Meules,
"Thos. J. Horsley,
"Alger Melton,
"H. L. Fogg,
"E. L. Richardson,
"A. R. Swank,
"Albert C. Hunt,
"Malcolm E. Rosser.

"Absent and not participating

"C. B. Cochran,
"E. C. Fitzgerald,
"F. B. H. Spellman,
"C. C. Williams."

An examination of the record discloses that respondent did not know the Main Street Barber Shop at Miami or the proprietor thereof; nor does it appear that the Miami Barber Shop had agreed to contribute anything towards respondent's fee, or that it had any interest in or knowledge of the litigation being conducted by respondent.

From an examination of the whole record we conclude that the findings of fact, conclusions, and the recommendation of the Board of Governors should be affirmed.

It is therefore the order of this court that the respondent, J. F. Murray, be, and he is hereby, reprimanded for his violation of the ethics and proprieties of his profession.

McNEILL, C. J., OSBORN, V. C. J., and BUSBY, WELCH, and CORN, JJ., concur. RILEY and BAYLESS, JJ., absent.